UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0301 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Brian Funtanous Mack (2), | |
| Defendant. | |

This matter is before the Court on Plaintiff United States of America's motion for an order recognizing that Defendant Brian Funtanous Mack has waived the attorney-client privilege with respect to his former counsel, Eric Hawkins, as it pertains to the allegations in his pending motion to vacate his sentence under Title 28, United States Code, Section 2255. (Dkt. 362.) For the reasons addressed below, the motion is granted.

When a criminal defendant alleges that he or she received ineffective assistance of counsel and puts the defendant's communications with defense counsel at issue, the defendant waives the attorney-client privilege with respect to those communications. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *see also United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) ("Voluntary disclosure of attorney client communications expressly waives the privilege."). Consequently, when a defendant advances an ineffective-assistance-of-

counsel claim in a Section 2255 motion, courts in this District expressly recognize that, in doing so, the defendant waives the attorney-client privilege as to the allegations made in the motion. *See, e.g.*, *United States v. Penoncello*, No. 15-cr-0120, Dkt. 143 (D. Minn. Feb. 7, 2018); *United States v. Smith*, No. 12-cr-0017, Dkt. 136 (D. Minn. Apr. 26, 2017); *United States v. Vennes*, No. 11-cr-0141, Dkt. 379 (D. Minn. Oct. 15, 2014).

Mack's Section 2255 motion contends, among other things, that his former counsel provided him ineffective assistance by failing to file an appeal as requested by Mack, withdrawing Mack's pretrial motions without Mack's permission, and seeking to exclude time under the Speedy Trial Act without Mack's permission. In doing so, Mack places at issue his communication with Hawkins about the filing of an appeal, withdrawal of pretrial motions, and requests to exclude time from the Speedy Trial Act. Because Mack placed all communication with Hawkins about these matters at issue and the Court ordered the United States to respond to Mack's allegations, the Court now recognizes Mack's waiver of the attorney-client privilege with respect to his allegations.

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Plaintiff United States of America's motion to recognize Defendant Brian Funtanous Mack's waiver of attorney-client privilege, (Dkt. 362), is **GRANTED** as to the subject matter of the allegations in Mack's Section 2255 motion.

Dated: February 7, 2020                                s/Wilhelmina M. Wright
                                                                                                                Wilhelmina M. Wright
                                                                                                                United States District Judge