UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0301 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Brian Funtanous Mack (2), | |
| Defendant. | |

This matter is before the Court on Defendant Brian Funtanous Mack's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 358.) Plaintiff United States of America opposes the motion. For the reasons addressed below, the Court denies Mack's Section 2255 motion in part and defers ruling on Mack's Section 2255 motion in part, subject to an evidentiary hearing as to Mack's claim of ineffective assistance of counsel based on an alleged failure to file a requested appeal. The Court also appoints counsel to represent Mack in connection with the forthcoming evidentiary hearing.

## BACKGROUND

Mack was charged by indictment with multiple drug and firearms-related offenses in November 2017. The Court appointed attorney Eric Hawkins to represent Mack in December 2017, and Hawkins filed nine pretrial motions on Mack's behalf in January 2018. On February 13, 2018, Hawkins filed a letter withdrawing Mack's pretrial motions. Consequently, the magistrate judge issued an order that denied as moot Mack's

pretrial motions and advised Hawkins that, if a plea agreement were reached, Hawkins must promptly contact the Court to schedule a change-of-plea hearing.

The Court received Hawkins's next filing on Mack's behalf approximately eight months later, when Hawkins filed a motion for a trial continuance and exclusion of time under the Speedy Trial Act.[1] In support of that motion, Hawkins filed a statement of facts, signed by Mack, in which Mack agrees to the exclusion of time under the Speedy Trial Act and asserts that he has discussed this issue with Hawkins and "voluntarily make[s] this request, with full knowledge of [his] rights under the Speedy Trial Act." The Court granted Mack's motion for a trial continuance and exclusion of time and scheduled the trial to begin on February 11, 2019.

In January 2019, the Court scheduled a change-of-plea hearing for Mack at Hawkins's request. Mack pleaded guilty on February 6, 2019, to one count of conspiracy to possess firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(o). At the change-of-plea hearing, the Court followed its standard practice by advising Mack of his rights, including the right to a speedy trial and to file pretrial motions. Before pleading guilty, Mack acknowledged under oath that he understood these rights and that he knowingly, intelligently, and voluntarily waived these rights.

---

[1] The Speedy Trial Act requires a criminal defendant to be brought to trial within a specified period of time, with certain specific exceptions that warrant a delay. 18 U.S.C. § 3161(c)(1), (h). During the approximately eight months between February 2018 and October 2018, in which Hawkins did not file anything with the Court, time was excluded from the speedy trial calculations in this case as a result of pretrial motions that Mack's multiple co-defendants filed.

The Court held a sentencing hearing on June 18, 2019.  Mack and Hawkins were present at the sentencing hearing.  The Court sentenced Mack to 120 months' imprisonment.  Following its standard practice, the Court advised Mack at the end of the sentencing hearing of his right to appeal and the deadline to do so.  Mack did not appeal his conviction or sentence.

On January 15, 2020, Mack filed the pending motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  Mack argues that his conviction is unconstitutional in light of the subsequent holding by the Supreme Court of the United States in *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague.  Mack also contends that he received ineffective assistance of counsel because Hawkins withdrew Mack's pretrial motions without Mack's consent and failed to file an appeal of Mack's conviction and sentence.  The United States opposes Mack's motion.

## ANALYSIS

A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result in "a complete miscarriage of justice."  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted).  A defendant seeking relief "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not."  *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994).  It is the defendant's burden to establish that Section 2255 relief is warranted.  *See Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).  The Court

3

addresses, in turn, each argument that Mack advances in support of his motion to vacate his conviction and sentence.

## I. Applicability of *United States v. Davis*

Mack first argues that his conviction is unconstitutional in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague. The United States counters that the holding in *Davis* is inapplicable to Mack's conviction because Mack's conviction does not implicate Section 924(c)(3)(B).

Mack was convicted of conspiring to possess firearms in furtherance of a drug-trafficking crime, a violation of 18 U.S.C. § 924(o), which applies to a "person who conspires to commit an offense under [Section 924(c)]." A person violates Section 924(c) if that person, "during and in relation to any crime of violence or drug trafficking crime . . . , in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A).

The Supreme Court decided *Davis* on June 24, 2019—six days after this Court sentenced Mack. In *Davis*, the Supreme Court addressed the constitutionality of Section 924(c)(3)(B), which defines "crime of violence" to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The Supreme Court held that this language is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

4

According to Mack, the *Davis* holding renders his conviction unconstitutional. But the *Davis* holding is limited to the statutory definition of "crime of violence." Mack was not convicted of conspiring to possess a firearm in furtherance of a *crime of violence*, which is defined in Section 924(c)(3)(B). Rather, he was convicted of conspiring to possess a firearm in furtherance of a *drug-trafficking crime*, which is defined in Section 924(c)(2). Specifically, when Mack pleaded guilty, he admitted under oath that he "agree[d] to possess . . . firearms in furtherance of a conspiracy to distribute heroin and cocaine." Because Mack's conviction is not predicated on the statutory definition of "crime of violence," the holding in *Davis* does not apply to Mack's offense of conviction.

For these reasons, the holding in *Davis* does not render Mack's conviction unconstitutional. Therefore, Mack's Section 2255 motion to vacate his conviction on this basis is denied.

## II.   Ineffective Assistance of Counsel

Mack also argues that his defense attorney provided ineffective assistance. To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. When evaluating the reasonableness of defense counsel's conduct, courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Counsel's "strategic choices" executed

5

after a thorough investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 690. Mack contends that he received ineffective assistance of counsel on two grounds: Hawkins withdrew Mack's pretrial motions without his consent, and Hawkins failed to file an appeal of Mack's conviction and sentence.

### A.     Withdrawal of Pretrial Motions

Mack first asserts that Hawkins provided ineffective assistance by withdrawing Mack's pretrial motions without Mack's consent. According to Mack, Hawkins withdrew the pretrial motions "as a strategy to induce Mr. Mack to change his plea to guilty," and did so "without consulting Mr. Mack" and "contrary to Mr. Mack's express wishes." In an affidavit filed by Hawkins in opposition to Mack's Section 2255 motion, Hawkins recounts a different version of events:

> Mr. Mack alleges that I was ineffective for withdrawing Mr. Mack's pretrial motions without his consent. Counsel denies this allegation. Mr. Mack and I had numerous discussions of the pretrial issues and motions. Based on Mr. Mack's decision to plead guilty, I communicated that the motions must be withdrawn and a change of plea hearing be scheduled. Mr. Mack was informed, understood, and agreed to withdraw the motions.

As such, there are conflicting accounts of whether Mack consented to the withdrawal of his pretrial motions.

When a district court receives conflicting statements from a Section 2255 movant and the movant's former counsel, the district court must conduct an evidentiary hearing *only* if "neither statement is facially incredible and both contain similar specificity" about the disputed issue. *Witthar v. United States*, 793 F.3d 920, 923–24 (8th Cir. 2015)

(internal quotation marks omitted). Here, Mack contends that his version of events "is undisputedly established" by the fact that he did not plead guilty until nearly a year after Hakwins withdrew his pretrial motions. Although it is true that nearly a year elapsed between the withdrawal of Mack's pretrial motions and his entry of a guilty plea, nothing in the record establishes *why* so much time elapsed. Thus, the timing of Mack's withdrawal of pretrial motions in relation to the timing of his guilty plea provides minimal support for his contention that Hawkins acted without Mack's knowledge or consent and against Mack's express wishes.

In contrast, other aspects of the record corroborate Hawkins's contention that Mack "was informed, understood, and agreed to withdraw the motions." At Mack's change-of-plea hearing, the Court advised Mack of his rights, including his right to file pretrial motions. The Court advised Mack, "[i]f you plead guilty, you'll give up your right to file any motions before trial, such as motions asking me to rule that certain evidence can't be used against you." Mack acknowledged under oath that he understood these rights and that he knowingly, intelligently, and voluntarily waived these rights. Comparable acknowledgements and waivers also appear in the written plea agreement that Mack signed. Moreover, notwithstanding Mack's argument that Hawkins violated his speedy trial rights by similarly failing to consult with him before obtaining an extension of the trial date, the record includes a document signed by Mack acknowledging his speedy trial rights and agreeing to that extension. These facts undermine the credibility of Mack's allegations and corroborate Hawkins's contrary version of events.

In summary, Mack's allegations as to the withdrawal of his pretrial motions, when viewed in light of the entire record in this case, are facially incredible and lack sufficient specificity. In contrast, Hawkins's sworn statements to the contrary are consistent with the record in this case. Accordingly, an evidentiary hearing as to this issue is unnecessary, and Mack's motion to vacate his sentence and conviction on this basis is denied.

### B.    Failure to File an Appeal

Mack also contends that Hawkins was ineffective because he failed to file an appeal of Mack's conviction or sentence as requested. When "a defendant has *expressly requested* an appeal, counsel performs deficiently by disregarding the defendant's instructions." *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019) (emphasis added); *accord Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) ("An attorney's failure to file a *requested* appeal automatically satisfies the deficient-performance prong of *Strickland* because it is professionally unreasonable." (emphasis added) (internal quotation marks omitted)). Accordingly, if the evidence shows that a defendant "asked counsel to appeal and counsel refused," the defendant is entitled to relief under Section 2255. *Witthar*, 793 F.3d at 923.

Here, it is undisputed that no appeal was filed. But Mack and Hawkins dispute whether Mack requested that Hawkins file an appeal. In his motion, Mack contends that "he consulted his attorney regarding filing a direct appeal" and "was interested in direct[ly] appealing his suppression issues and directly advised his counsel that he wanted to appeal," but "counsel did not file the Notice of Appeal as directed." According to

8

Mack, although Hawkins advised him against filing an appeal, Mack directed Hawkins to file an appeal "notwithstanding counsel's advise [*sic*]." In contrast, Hawkins attests in his affidavit as follows:

> Mr. Mack alleges that Counsel was ineffective because Counsel did not file a notice of appeal. Counsel denies this allegation. Mr. Mack and I spoke on a number of occasions about his choice to appeal. Mr. Mack indicated that he would only appeal if the sentence imposed was more than 130 months. Mr. Mack and I last communicated about this option prior to the sentencing hearing in the Marshall's holding facility. Mr. Mack and I also discussed the issue at counsel table after the sentencing hearing. Mr. Mack received a sentence of 120 months and indicated he did not want to appeal.

As such, there are conflicting statements as to whether Mack requested that Hawkins file an appeal.

As addressed above, a district court must conduct an evidentiary hearing on a Section 2255 motion to vacate a conviction or sentence if neither Mack's statement nor Hawkins's statement is "facially incredible and both contain similar specificity" about the disputed issue. *Witthar*, 793 F.3d at 923–24 (internal quotation marks omitted). When a Section 2255 movant alleges that he or she instructed counsel to file an appeal, the record does not affirmatively refute the allegation, and counsel merely denies the allegation in an affidavit, a district court abuses its discretion if it does not hold an evidentiary hearing before making factual determinations as to the credibility of the conflicting allegations. *Id.*; *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (holding that "[i]n the absence of an evidentiary hearing, [movant's] counsel's statement that [movant] agreed not to file an appeal is insufficient to support a finding that [movant's] allegations

9

cannot be accepted as true"); *Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014) (holding that district court abused its discretion when it "received conflicting affidavits" as to whether the movant asked counsel to file an appeal "and announced that one was more credible than the other . . . without the benefit of an evidentiary hearing").

Here, the Court has received conflicting allegations as to whether Mack asked or directed Hawkins to file an appeal. Because neither allegation is facially incredible or contradicted by the record, the Court cannot, as a matter of law, make a credibility determination as to which allegation is true without the benefit of an evidentiary hearing. When a district court reviews a Section 2255 motion and determines that "an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, the Court appoints counsel to represent Mack as to the forthcoming evidentiary hearing.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Brian Funtanous Mack's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 358), is **DENIED IN PART AND DEFERRED IN PART** as addressed herein.

2. The Office of the Federal Defender for the District of Minnesota is appointed to represent Mack as to the limited issue of whether Mack's former counsel

was ineffective because he failed to file an appeal of Mack's conviction or sentence as allegedly requested.

3. Mack's appointed counsel shall consult with counsel for Plaintiff United States of America and contact Chambers to schedule an evidentiary hearing.

4. The Clerk of Court is directed to provide a copy of this Order to the Office of the Federal Defender for the District of Minnesota.

Dated: February 2, 2021            s/Wilhelmina M. Wright
                                                                      Wilhelmina M. Wright
                                                                      United States District Judge