UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0301 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Brian Funtanous Mack (2), | |
| Defendant. | |

This matter is before the Court on Defendant Brian Funtanous Mack's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 358.) Plaintiff United States of America opposes the motion. For the reasons addressed below, the motion is denied.

## BACKGROUND

Mack was charged by indictment with multiple drug and firearms-related offenses in November 2017, and the Court appointed attorney Eric Hawkins to represent Mack in December 2017. Mack pleaded guilty on February 6, 2019, to one count of conspiracy to possess firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(o).

The Court held a sentencing hearing on June 18, 2019. Mack and Hawkins were present at the sentencing hearing. The Court sentenced Mack to a below-guidelines sentence of 120 months' imprisonment. Following its standard practice, the Court

advised Mack at the end of the sentencing hearing of his right to appeal and the deadline to do so. Mack did not appeal his conviction or sentence.

On January 15, 2020, Mack filed the pending motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. In a February 2, 2021 Order, the Court deferred Mack's Section 2255 motion in part and appointed counsel to represent Mack as to the limited issue of whether Hawkins, Mack's former counsel, was ineffective because he failed to file an appeal of Mack's conviction or sentence. The Court denied Mack's Section 2255 motion as to all other asserted grounds. Following a June 17, 2021 evidentiary hearing, at which both Mack and Hawkins testified, the parties filed supplemental memoranda of law addressing whether Mack directed Hawkins to file an appeal of Mack's conviction or sentence.

## ANALYSIS

A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result in "a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). It is the defendant's burden to establish that Section 2255 relief is warranted. *See Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

Mack argues that his defense attorney provided ineffective assistance. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for

his defen[se]." U.S. Const. amend. VI.  A criminal defendant is constitutionally entitled to the *effective* assistance of counsel.  *Evitts v. Lucey*, 469 U.S. 387, 395 (1985).  A claim of ineffective assistance of counsel may be brought in a collateral proceeding under Section 2255 even if the petitioner could have raised the claim on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## I. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  "Judicial scrutiny of counsel's performance must be highly deferential," and courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  But when "a defendant has *expressly requested* an appeal, counsel performs deficiently by disregarding the defendant's instructions."  *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019) (emphasis added). "An attorney's failure to file a requested appeal automatically satisfies the deficient-performance prong of *Strickland* because it is professionally unreasonable."  *Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) (internal quotation marks omitted). Accordingly, if the evidence shows that a defendant "asked counsel to appeal and counsel refused," the defendant is entitled to relief under Section 2255.  *Id.* at 923.

It is undisputed that no appeal was filed in this case.  Mack and Hawkins dispute whether Mack requested that Hawkins file an appeal.  "When a district court receives conflicting statements—one from a § 2255 petitioner and one from [the petitioner's] former counsel—the court cannot make a factual determination based on the relative credibility of these individuals without the benefit of an evidentiary hearing."  *Id.* (internal quotation marks omitted).  "If neither statement is facially incredible and both contain similar specificity regarding when the alleged appeal-request conversations took place (or did not take place)," a district court must conduct an evidentiary hearing to resolve this "factual dispute on a critical issue."  *Id.* at 923, 924 (internal quotation marks omitted).  Because the Court received conflicting allegations as to whether Mack directed Hawkins to file an appeal and neither allegation was facially incredible or contradicted by the record, the Court held an evidentiary hearing on June 17, 2021, to resolve the factual dispute.

Mack attests in his motion that "he consulted his attorney regarding filing a direct appeal" and "was interested in direct[ly] appealing his suppression issues and directly advised his counsel that he wanted to appeal," but "counsel did not file the Notice of Appeal as directed."  According to Mack, although Hawkins advised against filing an appeal, Mack directed Hawkins to file an appeal "notwithstanding counsel's advise [*sic*]."  In addition, Mack attests that he "attempted on numerous occasions to contact his attorney" after he was sentenced and before the deadline for filing a notice of appeal, but that "counsel returned no calls and effectively abandoned him without filing the notice."

4

Mack's testimony at the June 17, 2021 evidentiary hearing contradicted the statements in his Section 2255 motion. Mack did *not* testify that he directed Hawkins to appeal any suppression issues. To the contrary, Mack testified that he told Hawkins on the day of his sentencing that "if I couldn't find anything to appeal about, then I wouldn't." In particular, Mack agreed that he told Hawkins: "I'm not going to appeal if [the sentence is] less than 130 months unless I find something to appeal." Mack's sentence was, in fact, less than 130 months. In addition, although Mack attests in his Section 2255 motion that Hawkins "returned no calls and effectively abandoned" Mack after the sentencing hearing, Mack testified at the evidentiary hearing that he called Hawkins 10 days after the sentencing hearing and spoke to Hawkins for 10 to 15 minutes.

These material contradictions in Mack's factual account of the relevant events remain unexplained. And these contradictions significantly undermine the credibility of Mack's allegations and testimony, as does the lack of specificity in Mack's recollection of the relevant facts. Moreover, as the Court observed in its February 2, 2021 Order, other allegations in Mack's Section 2255 motion proved to be facially incredible when viewed in light of the entire record in this case. As such, the Court finds that Mack's allegations and testimony lack credibility.

Notably, Hawkins's testimony at the June 17, 2021 evidentiary hearing also lacked specificity and demonstrated significant uncertainty. Hawkins could recall few details about his discussions and interactions with Mack, and he became confused about the timing of certain events and whether certain discussions involved Mack. For instance,

5

Hawkins testified that it was his "general feeling" and "understanding" that Mack did not want to appeal a sentence of less than 130 months' imprisonment, but he could not remember why or how he reached this "feeling" or "understanding." Hawkins also could not remember whether he had spoken to Mack about the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In addition, Hawkins did not contemporaneously memorialize any of these communications in writing. These facts seriously undermine Hawkins's credibility.

Notwithstanding these flaws in Hawkins's testimony, Hawkins testified consistently with his previously filed affidavit in this case. In addition, the record in this case, including Mack's testimony, corroborates many aspects of Hawkins's testimony. For example, the record is undisputed that, on the day of the sentencing hearing, Mack and Hawkins discussed Mack's appeal rights and Mack indicated that he did not, at that time, wish to appeal a sentence shorter than 130 months. It also is undisputed that Mack did not write any letters to Hawkins after his sentencing hearing and that Mack made little, if any, effort to follow up with Hawkins about whether an appeal had been filed. It was not until more than six months *after* his sentencing hearing that Mack challenged his counsel's alleged failure to file a requested appeal. The only disputed material fact is whether Mack and Hawkins had a 10-minute to 15-minute telephone conversation approximately 10 days after the sentencing hearing. Hawkins consistently has maintained that they did not, whereas Mack has provided conflicting and vague accounts

as to whether such a conversation occurred and what was discussed during that conversation.

When evaluating conflicting testimony as to a Section 2255 motion, a district court must evaluate the *relative* credibility of the Section 2255 movant and the movant's former counsel. *Witthar*, 793 F.3d at 923. Here, neither Mack nor Hawkins presented particularly credible or specific testimony as to the relevant events. Comparatively, however, Hawkins's testimony was more internally consistent and corroborated by other evidence in the record than Mack's testimony, which contained numerous significant inconsistencies and unexplained contradictions. Moreover, the Court is mindful that it is Mack's burden to demonstrate that he is entitled to Section 2255 relief. *See Cassidy*, 428 F.2d at 587. Judicial scrutiny of counsel's performance is "highly deferential," and counsel's performance is presumptively reasonable. *Strickland*, 466 U.S. at 689.

For these reasons, the Court finds that Mack has not satisfied his burden to present credible evidence that he expressly instructed Hawkins to file an appeal in this case. Accordingly, Mack's motion to vacate his conviction and sentence on this basis is denied.

## II.     Certificate of Appealability

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons addressed above and in the Court's February 2, 2021 Order, the Court concludes that Mack has not

made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability shall issue.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Brian Funtanous Mack's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 358), is **DENIED**.

2. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 31, 2021                                s/Wilhelmina M. Wright
                                                                       Wilhelmina M. Wright
                                                                       United States District Judge